

*If TH Holdco objects to this request, it should state its ground for doing so by letter tomorrow. If TH Holdco does not object, the parties should confer on a briefing schedule that would give the Court sufficient time to decide the appeals within the 60-day window and submit it to the Court tomorrow.*

August 9, 2022

SO ORDERED.

8/9/22

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

**VIA ECF**
Honorable Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10706

Lori Schwartz
(212) 603-6334
lschwartz@leechtishman.com

Re:    85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel, LLC and 85 Flatbush
        RHO Residential LLC v. TH Holdco LLC
        Case No: 22-cv-06241-CS

        85 Flatbush Mezz LLC v. TH Holdco LLC
        Case No: 22-cv-06233-CS

        85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel, LLC and 85 Flatbush
        RHO Residential LLC, ("Debtors")
        <u>Chapter 11 Bankruptcy Case No. 20-23280 (SHL)</u>

Dear Judge Seibel:

        We write on behalf of the Debtors/Appellants, 85 Flatbush RHO Mezz, LLC, 85 Flatbush
RHO Hotel, LLC and 85 Flatbush RHO Residential LLC, regarding their recently filed notice of
appeal of the Findings of Fact, Conclusions of Law, and Order Confirming TH Holdco LLC's
Second Amended Chapter 11 Plan, as Modified by this Order ("Confirmation Order"). The
appeal has been assigned Civil Case Docket No.: 22-cv-06241-CS.

        Secured Creditor 85 Flatbush Mezz LLC ("Mezz Lender") filed its own notice of appeal
of the Confirmation Order which has been assigned Civil Case Docket No.: 22-cv-06233-CS.
Mezz Lender joins in the requests set forth herein.

        According to a notation on the docket of the Debtors' appeal, the Debtors' and Mezz
Lender's appeals have been accepted as related. To the extent the Court's rules for pre-motion
conferences extend to bankruptcy appeals, this letter respectfully requests such a conference at
the Court's earliest availability regarding Debtors' and Mezz Lender's requests that the appeals

August 9, 2022
Page 2

be consolidated and that the Court enter an order expediting the briefing and oral argument schedule.

The Confirmation Order permits TH Holdco LLC ("TH Holdco") the current holder of the senior secured mortgage, or its designee, to take title to the Debtors' real property located at 85 Flatbush Avenue Extension, Brooklyn, New York by credit bid in accordance with the TH Holdco second amended plan.

On July 22, 2022, Mezz Lender filed a Motion for Stay Pending Appeal or, Alternatively, Stay Pending Resolution of Adversary Proceeding seeking a stay of the Confirmation Order or a stay of the sale of the Debtors' property which was joined by the Debtors. On the record of the hearing on the Mezz Lender's motion held on August 3, 2022, the Honorable Sean H. Lane of the United States Bankruptcy Court granted Mezz Lender's motion for a stay pending appeal and ordered a 60-day stay of the effectiveness of the Confirmation Order through and including October 3, 2022, subject to an undertaking by the Mezz Lender to post a $5,000,000 bond. We expect Judge Lane to enter an order shortly approving the bond and memorializing the issuance of the stay pending appeal.

In the interim, considering the short window of time staying the effectiveness of the Confirmation Order, we write to request a conference with the Court so that the Debtors and Mezz Lender may present a request for an expedited briefing schedule in their pending appeals under Federal Rules of Bankruptcy Procedure 8013(a)(2)(B) and 8018(a).

The timing for the filing of appellate briefs is governed by Bankruptcy Rule 8018. Bankruptcy Rule 8018(a)(1) provides that an appellant must serve and file its brief "within 30 days after notice the docketing of notice that the record has been transmitted or is available electronically." An Appellee's brief is to be filed and served within 30 days after Appellant's brief is filed and served. Appellant's reply brief is to be filed and served within 14 days after Appellee's brief is served. These time periods extend well beyond the 60-day stay of the Confirmation Order. Upon expiration of the current stay, absent a further stay issued by this Court, it is a certainty that TH Holdco will proceed to close on its credit bid, transfer title to the property to it or its designee, and then argue that the appeals are statutorily and equitably moot. Therefore, Debtors and Mezz Lender submit that an expedited schedule is warranted in these related appeals and are prepared to file their briefs on a shortened time frame.

August 9, 2022
Page 3


      We, as counsel for the Debtors, along with counsel to the Mezz Lender, therefore respectfully request a telephonic conference with this Court as soon as possible for the opportunity to present a request to formally consolidate the appeals and expedite the briefing and oral argument schedule for the appeals.


                Respectfully submitted,

                /s/ Lori A. Schwartz
                Lori A. Schwartz

cc:    Kevin J. Nash, Esq.
       M. Ryan Pinkston, Esq.
       Lauren Macksoud, Esq.
       Sarah M. Schrag, Esq.
       (via ECF)